# McCARRON & DIESS

Stephen P. McCarron △
Louis W. Diess, III ¤△
Mary Jean Fassett △
Kate Ellis ¤△
Blake A. Surbey △
Gregory A. Brown ¤

4530 WISCONSIN AVENUE, N.W., SUITE 301
WASHINGTON, DC 20016
(202) 364-0400   FAX (202) 364-2731

576 BROADHOLLOW ROAD, SUITE 105
MELVILLE, NY 11747
(631) 425-8110   FAX (202) 364-2731

Focusing on Cases under
the Perishable Agricultural
Commodities Act (PACA)

¤ Not admitted in DC
△ Not admitted in NY

Reply to Melville, NY

gbrown@mccarronlaw.com

www.mccarronlaw.com
www.pacawebguide.com

August 16, 2021

**VIA ECF ONLY**

Hon. Sarah L. Cave
United States District Court
500 Pearl Street, Room 1670
New York, New York 10007

      **Re:**    **A & J Produce Corp. v. Dr Produce, LLC d/b/a Sycamore Foods NJ;
             Case No. 21-cv-6066 (PAC)**

Dear Judge Cave:

      We are the attorneys for A & J Produce Corp., Mendez International Tropical Foods Inc. and Top Banana LLC (collectively, "Plaintiffs") in the above-referenced action which is currently pending before Judge Crotty. On July 15, 2021, Judge Crotty entered a temporary restraining order (Docket No. 25) (the "TRO") which, among other things, enjoined and restrained some of the defendants from dissipating any portion of the statutory trust *res* established pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq.* ("PACA"), and scheduled a hearing on Plaintiffs' motion for a preliminary injunction. On the consent of the parties, Judge Crotty adjourned the preliminary injunction hearing, and extend the TRO, until his return from vacation in September (Docket No. 40). Judge Crotty instructed that if the parties need relief prior to his return, we should seek relief from your Honor.

      After much drafting and negotiation, the parties have agreed to resolve Plaintiffs' motion for a preliminary injunction as more fully set forth in the enclosed Consent Injunction Order and Order Establishing PACA Trust Claims Procedure and Granting Related Relief (the "PACA Claims Procedure Order"), a copy of which is being contemporaneously submitted to the Orders and Judgments Clerk. In the last paragraph, the parties expressly consent to your Honor's jurisdiction and request that you review, approve and enter the PACA Claims Procedure Order on a final basis.

      The procedures reflected in the PACA Claims Procedure Order is necessary to facilitate the recovery of the PACA Trust Assets, prevent the loss or diversion of such assets, minimize administrative costs, determine the amount of valid claims to the assets, and distribute the PACA Trust Assets *pro rata* to qualified PACA Trust Beneficiaries. Doing so in the manner set forth in

Hon. Sarah L. Cave
United States District Court
Page 2

the proposed order will minimize the burden on the judiciary, and the cost to defendants, of resolving the various claims against what is now a defunct business.

   The PACA trust is one continuous trust for the benefit of all unpaid produce suppliers which arises upon the produce buyer's first produce purchase on credit and remains in existence until all the debtor's produce suppliers are paid in full. *In re Kornblum & Co., Inc.,* 81 F.3d 280, 286 (2d Cir. 1996). Each produce supplier is entitled to a *pro rata* distribution of trust assets. *In re: Milton Poulos, Inc.*, 107 B.R. 715 (9th Cir. B.A.P. 1989); *In re: United Fruit & Produce*, 86 B.R. 14 (Bankr. D.Conn. 1988). The claims of PACA trust creditors to PACA trust assets are superior to the claims of all other creditors, including secured creditors. *A & J Produce Corp. v. Bronx Overall Economic Development Corp.*, 542 F.3d 54 (2d Cir. 2008); see also, *Chiquita Fresh N. Am., LLC v. Long Island Banana Corp.*, 198 F. Supp. 3d 171 (E.D.N.Y., 2016). As a result, claims against PACA debtors are regularly resolved using procedures very similar to the ones proposed in the PACA Claims Procedure Order. See, e.g., *id.* at Docket No. 23; *Produce Alliance, LLC v. West Central Produce, Inc.*, United States District Court, Central District of California, Case No. 2:20-cv-2921-PSG (AGRx), Docket No. 13; *Greengate Fresh, LLLP v. Trinity Fresh Procurement, LLC*, United States District Court, Eastern District of California, Case No. 2:18-cv-0316-JAM-EFB, Docket No. 47.

   Based on the cited jurisprudence, the parties jointly respectfully request that your Honor enter the PACA Claims Procedure Order in the form submitted herewith. We are happy to answer any questions your Honor may have.

   Thank you for your attention to this matter.

                     Sincerely,
                      McCarron & Diess

                By: _____
                      Gregory Brown

Enclosure

> The parties' request for Court approval of their Consent Injunction Order and Order Establishing PACA Trust Claims Procedure and Granting Related Relief (the "PACA Claims Procedure Order") (ECF No. 43) is GRANTED. The Court will separately enter to PACA Claims Procedure Order.
>
> The Clerk of Court is respectfully directed to close ECF Nos. 11, 13, and 43.
>
> SO ORDERED  8/16/2021
>
> SARAH L. CAVE
> United States Magistrate Judge